UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IVAN WILLIAMS,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, P.O. MICHAEL V. SUMMA,
Shield No.: 19628, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently
unknown),

                    Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

14-CV-8431 (GBD)

Plaintiff, IVAN WILLIAMS, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned the individually named defendants P.O. MICHAEL V. SUMMA, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about July 26, 2014, at approximately 4:00 A.M., plaintiff IVAN WILLIAMS was working as custodial staff at The Black Pearl, located at 4637 White Plains Road, in the county of the Bronx, in the city and state of New York.

14. The Black Pearl is a catering venue owned and operated by a Mr. David Cowan that *does not serve alcohol*.

15. At the afore-mentioned time and place, defendant police officers arrived on the scene to disperse the remaining patrons.

16. Upon his arrival, P.O. SUMMA asked plaintiff IVAN WILLIAMS for his I.D. Plaintiff immediately complied with this request.

17. P.O. SUMMA began to issue plaintiff IVAN WILLIAMS six (6) tickets in relation to problems the officer had with The Black Pearl.

18. Plaintiff IVAN WILLIAMS received summonses for, *inter alia*, Failure to Post Pregnancy Sign, Obstructed View Into Bar, Disorderly Premises, Failure to Display Sign Prohibiting Sale to Minors, Over Crowded Bar, and Liquor License Not Posted.

19. These summonses were issued directly to plaintiff IVAN WILLIAMS personally.

20. Plaintiff IVAN WILLIAMS informed P.O. SUMMA that he was not the owner nor the manager of The Black Pearl.

21. P.O. SUMMA ignored plaintiff IVAN WILLIAMS.

22. On August 16, 2014, at approximately 4:00 A.M., P.O. SUMMA again arrived on the scene at The Black Pearl.

23. P.O. SUMMA saw plaintiff IVAN WILLIAMS and stated "don't I know you?"

24. P.O. SUMMA proceed to again issue plaintiff IVAN WILLIAMS multiple tickets relating to the business practices of The Black Pearl.

25. Plaintiff IVAN WILLIAMS was also placed under arrest.

26. Plaintiff IVAN WILLIAMS spent over two (2) days in police custody.

27 Plaintiff IVAN WILLIAMS was immediately released at his arraignment.

28. On September 1, 2013, plaintiff IVAN WILLIAMS was again taken into custody against his will by P.O. SUMMA relating to problems P.O. SUMMA had with The Black Pearl.

29. Plaintiff IVAN WILLIAMS spent 4 hours in the 47th Precinct before being released without any charges.

30. Plaintiff IVAN WILLIAMS was required to make multiple court appearances to defend himself against these baseless charges.

31. On August 4, 2014, all summonses, tickets, and charges against plaintiff IVAN WILLIAMS were dismissed.

32. As a result of the foregoing, plaintiff IVAN WILLIAMS sustained, *inter alia*, loss of liberty for well over two (2) days, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35. All of the aforementioned acts deprived plaintiff IVAN WILLIAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

<div style="text-align:center">

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

</div>

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. As a result of defendants' aforementioned conduct, plaintiff IVAN WILLIAMS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

41.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants misrepresented and falsified evidence before the District Attorney.

44.     Defendants did not make a complete and full statement of facts to the District Attorney.

45.     Defendants withheld exculpatory evidence from the District Attorney.

46.     Defendants were directly and actively involved in the initiation of criminal proceedings against IVAN WILLIAMS.

47.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff IVAN WILLIAMS.

48.     Defendants acted with malice in initiating criminal proceedings against plaintiff IVAN WILLIAMS.

49.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff IVAN WILLIAMS.

50.     Defendants lacked probable cause to continue criminal proceedings against plaintiff IVAN WILLIAMS.

51.     Defendants acted with malice in continuing criminal proceedings against IVAN WILLIAMS.

52. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff IVAN WILLIAMS's favor on August 4, 2014, when all charges against him were dismissed.

54. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, was forced to make numerous court appearances, he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants created false evidence against plaintiff IVAN WILLIAMS.

57. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

58. In creating false evidence against plaintiff IVAN WILLIAMS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The aforementioned individual defendants issued legal process to place plaintiff IVAN WILLIAMS under arrest.

62. The aforementioned individual defendants arrested plaintiff IVAN WILLIAMS in order to obtain a collateral objective outside the legitimate ends of the legal process.

63. The aforementioned individual defendants acted with intent to do harm to plaintiff IVAN WILLIAMS, without excuse or justification.

64. As a result of the foregoing, plaintiff IVAN WILLIAMS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" as if the same were more fully set forth at length herein.

66. Defendants arrested and incarcerated plaintiff IVAN WILLIAMS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, and the New York City Police Department, all under the supervision of ranking officers of said department.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff IVAN WILLIAMS.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff IVAN WILLIAMS as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff IVAN WILLIAMS, as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department, plaintiff IVAN WILLIAMS was incarcerated unlawfully for over two (2) days.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff IVAN WILLIAMS.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff IVAN WILLIAMS's constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff IVAN WILLIAMS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

**WHEREFORE**, plaintiff IVAN WILLIAMS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
October 15, 2014

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Ivan Williams, 716 East 227th Street, Bronx, NY, NY 10466; Date of Birth: 7/15/63; SS #: 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, pursuant to CPL §160.50 [1][d], hereby designate Zachary Carter, Corporation Counsel for the City of New York, 100 Church Street, New York, New York 10007, or his/her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled, People v. Ivan Williams, Indictment No. or Docket No. _____, in Criminal Court, County of Bronx, State of New York, relating to my arrest on or about _____, may be made available for use in Civil Action _____, _____ (S.D.N.Y).

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_Ivan Williams_ (signature)

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

On this 16th day of August, 2014, before me personally came Ivan Williams to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JON L. NORINSBERG
Notary Public State of New York
No. 02NO6177973
Qualified in Bronx County
Commission Expires Nov. 19, 2015

INDEX NO. YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN WILLIAMS,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. MICHAEL V. SUMMA, Shield No.: 19628 and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

Defendants.

## SUMMONS AND COMPLAINT

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for Defendants

Service of a copy of the within is hereby admitted. Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 20

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy
will be presented for settlement to the HON. one of the judges of the
within named Court, at
on 20 at

Dated,

Yours, etc.